ORAMEL G. STEBBINS v. CHARLES H. WALKER AND WIL-LIAM. A. SUMNER.

*Estoppel—Waiver of lien—Personal liability.*

A firm of commission brokers, having settled with a grain dealer with whom they did business, solicited his farther shipments. He replied that he did not know when he should resume business, but suggested they should correspond with his brother, whose initials, he said, were the same as his own. The brokers understood this to mean that he intended to remain out of business for a time, and they wrote him informing him how they understood his letter, and stating that they had solicited his brother's consignments, but he made no reply. He soon resumed control of the business, however, but kept his brother in his employment without notifying the brokers of the new arrangement. His own name was Oramel and his brother's, Osmyn. The brokers having entered upon the suggested correspondence, transacted considerable business with Osmyn, in whose charge the business had been left, and who was acting, as they supposed, as

principal, but really as agent. In the course of these dealings they realized a certain profit on a car load of wheat received from him, and they bought a quantity of wheat at his request. They also lent him a large sum of money, and soon after discovered that he had never been the principal in the business, and that before borrowing the money he had left his brother's employment. Oramel offered to take the wheat they had bought, off their hands, but they refused, expressing a willingness to hold it until it should rise in value. They also retained the profit on the car load they had sold, to apply on the account for money lent to Osmyn, and Oramel sued them for it. *Held* (1), that as his own course had misled the brokers into supposing that they were dealing with Osmyn as a principal, and he had neglected to inform them differently, he was estopped by his own negligence from objecting to their applying the proceeds of the sale upon Osmyn's debt, and from claiming the proceeds on the ground that the car load belonged to himself; (2) that the brokers, in merely expressing a willingness to hold the wheat they had bought until it rose, did not waive any existing lien upon it, and as there was no consideration for a waiver, and no promise to waive the lien was asked or obtained, the brokers were at liberty to stand on their rights as they were when they first learned that the business carried on by Osmyn was that of his brother.

Where one of two innocent parties must suffer a loss occasioned by the negligence of one of them, it must rest on the one who caused it, however honest his intentions may have been.

Where liens on property are accompanied by a personal responsibility the creditor has a right to rely on both.

Error to Wayne. Submitted April 5-6. Decided April 13.

Assumpsit. Plaintiff brings error. Affirmed.

*Latham & Case* for plaintiff in error. Estoppel *in pais* by neglecting to speak or act does not exist where the party did not know the facts which, if known, would have made it his duty to speak: *Delaplaine v. Hitchcock*, 6 Hill 17.

*John W. McGrath* and *C. I. Walker* for defendants in error. Payment to an agent is good as against the principal where he is dealt with as principal without knowledge to the contrary: Story on Agency § 430 ; Whart. Agency §§ 206, 405, 465; *George v. Clagett* 7 Term 355; *Taintor v. Prendergast* 3 Hill 72; *Traub v. Milliken* 57 Me. 63; *Isberg v. Bowden* 8 Exch. 858; *Foster v. Smith* 2 Coldw. 478;

*Lime Rock Bank v. Plimpton* 17 Pick. 159; a factor has a lien on property in his charge for advances, disbursements and a general balance : Story on Agency §§ 376-8; Whart. Agency §§ 767-9; 3 Pars. Cont. § 258-60; *Bryce v. Brooks* 26 Wend. 375; a lien is not waived by an unexpressed state of mind : 2 Kent's Com. § 638; Story on Agency §§ 362-·6; Whart. Agency §§ 772, 818, 820; Phillips on Liens §§ 449-505; *Walker v. Birch* 6 Term 262; *Cowell v. Simpson* 16 Ves. 280; *Pinnock v. Harrison* 3 M. & W. 532; *Hutchins v. Olcutt* 4 Vt. 549; *Stoddard Mnfg. Co. v. Huntley* 8 N. H. 441; *Bailey v. Adams* 14 Wend. 201; *Peyroux v. Howard* 7 Pet. 341; *Clark v. Stilson* 36 Mich. 482; *McMaster v. Merrick* 41 Mich. 505.

COOLEY, J.    This case was sent to a referee by the circuit court, and judgment was given in favor of defendant on the referee's report.    The important facts in the case are the following :

For some time prior to June, 1879, and up to August of that year, plaintiff was a dealer in grain at Vermontville in this State, and defendants were commission brokers and members of the Board of Trade of Detroit.    As commission brokers they had bought and sold for the plaintiff previous to the 30th of June, 1879, and made advances which were all settled on that day.    On August 14, 1879, plaintiff made a conditional sale of his business to his brother Osmyn G. Stebbins.    The conditions were to be performed within a week thereafter, but they were not performed, and at the end of the week plaintiff resumed his business and took possession of his property, which in the meantime his brother had had and controlled.    A few days before this the defendants had written the plaintiff, soliciting his shipments, and in reply they received the following letter :

" OFFICE OF O. G. STEBBINS,
THORNAPPLE VALLEY MILLS,
And dealer in Grain, Feed, Land, Plaster, etc.
VERMONTVILLE, Mich., Aug. 14, 1879.
MESSRS. WALKER, SUMNER & Co.:
Your letter of the 4th of August was duly received at my stopping place, and by reason of my absence from home and

general inattention to business lies unanswered.  At the opening of the new crop trade .this season I did not think I should engage in active work at all at present ; and as I am yet unable to labor, I do not know when I shall take hold again.   I am now seriously contemplating a trip to Colorado. My brother is at work in a mild way in the wheat business, but he has so far seen fit to ship to another party, from whom he gets the same rebate as you offer.   His initials are the same as my own, so that if you choose to correspond with him, the same direction will reach him as myself.

Thanking you for your efforts in my behalf,

I remain truly yours,

O. G. STEBBINS."

This letter was understood by defendants to mean that the plaintiff intended to remain out of business for a time, and that the brother Osmyn was then in the wheat business in Vermontville, and thereupon they addressed a letter to Osmyn, soliciting his business.   They also wrote to the plaintiff informing him how they understood his letter, and that they had solicited his brother's consignments.   To this the plaintiff sent no reply, and until November 26th following defendants supposed the dealings with them in the name of O. G. Stebbins hereinafter mentioned were on behalf of Osmyn G. Stebbins, and had no information and no reason to suspect the contrary.   These dealings began after September 17th, on which day plaintiff left home for his health and remained absent until October 24th, leaving his brother Osmyn in charge of his business.   While he was gone Osmyn shipped to defendants five car loads of wheat in the name of O. G. Stebbins and for the plaintiff, but which defendants received, sold and accounted for, supposing it to be the wheat of Osmyn himself.   On these dealings a balance remained due to the defendants of $74.64.   There was also sent to defendants a car load of wheat which was placed in the elevator, but by reason of some mistake, owing to a change of bookkeepers, was not credited to any one.   This also belonged to the plaintiff.   Early in November defendants also made a purchase of wheat, and also a sale of it which they supposed to be for Osmyn, but which was in

reality on an order from plaintiff, on which they realized a profit of $307.50, and which left standing to the credit of O. G. Stebbins on their books $232.86.

Osmyn G. Stebbins left his brother's employ November 5, 1879. On November 15th he telegraphed defendants from Jackson in the name of O. G. Stebbins, asking them to send him $700. Relying upon his personal credit they sent the money. At the same time he requested them to purchase for O. G. Stebbins 3000 bushels of wheat for January delivery. With this request they also complied.

On November 26th defendant Walker was at Vermont-ville, when he for the first time learned that plaintiff had resumed business, and that all the wheat dealings previous to November 15th had been conducted by Osmyn as agent, not as principal. Plaintiff told Walker he had no interest in the purchase of November 15th, but would take it off defendants' hands. This he could then have done at a profit of $150. Walker declined this offer, but said he would stand upon the purchase until he could realize $700 profit upon it, and then close it out. The wheat was afterwards sold, however, without profit. Afterwards plaintiff had other dealings with defendants which entitled them to claim from him $79.75. The car load which by mistake was not credited to any one, was sold by defendants in January following, and realized $452.79. The defendants claimed they were entitled to apply this and also the $232.86 which was in their hands to the credit of O. G. Stebbins, on November 15, 1879, as part payment of the $700, which Osmyn G. Stebbins obtained from them on that day. Plaintiff resisted this claim, and demanded from defendants the proceeds of all the wheat belonging to him which had been forwarded to and sold by them.

The circuit court gave judgment for the defendants, applying the $232.86 and $452.79 in accordance with their claim, and permitting them to recover the balance of $79.25 on subsequent dealings. This would leave a balance of $14.35 of the $700 still unpaid.

Was this judgment correct? We think it was. Defendants from August 14th to November 5th had been dealing with Osmyn G. Stebbins in the belief that he was principal in the business, induced to that belief by the letter and subsequent conduct of the plaintiff, and having no reason to think or suspect the contrary. Plaintiff knew that the manner in which the business was done and the correspondence conducted, was calculated to lead the defendants to suppose that he had retired from the business, and Osmyn had become his successor. When Osmyn left his employment, no notice was given to defendants, and to all appearance the business continued as before. The defendants were therefore not in fault, and were chargeable with no negligence in assuming that Osmyn still continued to be the principal. He had forwarded several car loads of wheat to defendants in the name of O. G. Stebbins prior to November 5th, and received the proceeds in the name of O. G. Stebbins, and it is conceded that payment was properly made to him, though the wheat belonged to the plaintiff. Defendants supposed the wheat belonged to Osmyn, but it is conceded that if they had known the plaintiff was owner, the payment to Osmyn would have been a valid payment, because Osmyn was the plaintiff's agent and doing business in the plaintiff's name. But if a payment to Osmyn before November 5th was good, one after November 5th must have been equally good. Defendants had no notice of any change in the business, and in fact there had been none. The same person who had sent wheat to them, and who they supposed and had a right to suppose was the principal, requested of them an advance, and they made it. The referee reports that defendants relied, in making this advance, on the personal credit of Osmyn; but their reliance on his credit would not preclude their relying also on their lien upon the grain received from him. Liens on property are commonly accompanied by a personal responsibility, and the creditor is entitled to rely upon both.

The case in judgment is a plain case of estoppel. There has been negligence from which one of two parties must

suffer, and the responsibility for this negligence justly and exclusively lies at the door of the plaintiff. If he were now to collect of defendants the sum they advanced to his brother while he was acting ostensibly as principal, they would be defrauded, and the plaintiff's negligence would have furnished the opportunity, and the agent. The loss must therefore fall upon the plaintiff, though his intentions may have been entirely honest: *Vanneter v. Crossman* 42 Mich. 465. Nor has there been any failure here, as there was in *Maxwell v. Bay City Bridge Co.* 41 Mich. 453, to find the facts from which the estoppel springs: they all appear in the referee's report.

It is claimed that defendants waived the lien on the car load of wheat remaining in their hands when they were informed of plaintiff's interest; but the record shows no express waiver, and no facts from which it must necessarily be implied. They did indeed express a willingness to hold the January wheat until the rise in value should make good their loss; but there was no agreement to that effect, and if there had been, a desire to protect the plaintiff against loss might sufficiently account for it. They also declined plaintiff's offer to take the January wheat off their hands, coupled as it evidently was in his mind with leaving them to lose the $700 advance; and for this they cannot be blamed. It was talked over between the parties that defendants should proceed to sell the car load of wheat then on hand; but if plaintiff expected defendants to waive any existing lien, and pay over to him the proceeds, he neither gave any consideration therefor, nor asked or obtained any promise to that effect. The defendants were therefore at liberty to stand upon their rights as they existed at the time they first learned that the business carried on with them by Osmyn in the name of O. G. Stebbins was really the business of the plaintiff.

The judgment must be affirmed, with costs.

The other Justices concurred.