### SARAH A. BYERS v. TOBIAS BYERS.

*Mortgagee in possession—Rights and liability of—Parol contract regarding real estate—Equity.*

1. A mortgagee cannot demand or enforce possession of the mortgaged premises, but, if the mortgagor or owner of the fee chooses to put him in, the tenancy is at least good as a tenancy at will, and cannot be destroyed without notice.

2. A parol contract under which both parties have gone into definite possession of distinct parcels of land is good in equity, and the parties will be protected in it.

3. A mortgagee in possession, in the absence of express agreement as to the conditions of the tenancy, is liable for the annual rental of the land.

Error to Berrien. (Smith, J.) Argued April 6, 1887. Decided April 28, 1887.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*F. J. Atwell,* for appellant.

*E. M. Plimpton* and *Clapp & Bridgman,* for plaintiff.

CAMPBELL, C. J. Plaintiff replevied between four and five hundred bushels of wheat that had been raised by one Willis on part of an 80-acre tract on section 13, township 4 south, range 17 west, Berrien county, held·in possession of defendant in the fall of 1885, when Willis rented the wheat land of him, on a rent of half the wheat to be raised on it. The wheat was cut and threshed by Willis, and the wheat replevied was what was set aside and delivered to defendant as his share, and was in his possession when replevied.

Mrs. Byers, the plaintiff, claimed the wheat as owner of the land. This 80-acre tract, and an adjacent tract of about the same size, in section 24, south of it, had once belonged to John Byers, the husband of plaintiff, who conveyed it to plaintiff in September, 1881. Byers died in November, 1883. Before the land was conveyed to plaintiff it was all subject to two mortgages,—one for $1,600, and the other for a sum not shown by the record. Both were owned by defendant, who was an uncle of John Byers. There is testimony tending to show that the aggregate mortgage debt was about $14,000, including interest in arrears. The testimony does not show definitely the value of the land. Plaintiff swore she thought it more than the mortgage debt. There was testimony which tended the other way.

In the early part of 1884, but just when, whether in spring or early summer, is not clear, some arrangement was made between plaintiff and defendant, and not reduced to writing, whereby it was agreed that defendant should have possession of the 80 acres in section 13, and of an orchard in the west part of the lot in section 24, and that plaintiff should have possession of the rest of the land during her life or his life. Defendant claims that he was to allow upon his mortgage the annual rent of the land. Plaintiff denies this; but, as such would be the obligation of a mortgagee in possession at any rate, the question is not important. Both parties went into possession under the contract, whatever its terms may

have been.   Defendant used the land in section 13, and in 1885 rented a part of it to Willis, the rent to be one-half of the wheat raised on it, which was the wheat in question. While defendant was in possession of the north 80 acres, he began negotiating with plaintiff for a conveyance of her equity of redemption of the whole property.   As they failed to agree on terms, he concluded to complete his legal title by foreclosure, and began a statutory foreclosure at some time not mentioned in the record.   Plaintiff, insisting this was a repudiation of the contract, got into possession of a part of the north 80-acre tract, and put in spring crops, but it does not appear that she interfered with Willis, or that they had any dealings.   As before stated, Willis harvested the wheat, and turned over to defendant his half.

In the circuit court the judge on the trial confined the jury to a consideration of the foreclosure had or threatened as a repudiation of the contract, and told the jury, in substance, that, if so repudiated, plaintiff had a right to the possession of the land, and owned the wheat.

There was no testimony in the case of any repudiation of the contract, unless it followed from defendant's conduct, and there was no testimony whatever of any agreement to cancel it.   Moreover, there was nothing in the agreement, as mentioned by either party, that would prevent a foreclosure of the mortgages, as that would in no way make it more difficult for defendant to leave plaintiff in possession, or prevent her from keeping it.   The contract, if valid at all, would prevent any eviction, and a parol contract under which both parties have gone into definite possession is good in equity, and parties will be protected in it.   Defendant, merely as mortgagee, could not demand or enforce possession; but, if the mortgagor or owner of the fee chooses to put him in, the tenancy is at least good as a tenancy at will, and cannot be destroyed without notice.   *Reading v. Waterman*, 46 Mich. 107; *Morse v. Byam*, 55 Id. 594.

In the present case, plaintiff, when this wheat was put in, and when it was harvested and threshed, had not been placed by defendant in possession, and had not secured possession, as against either him or Willis, of the wheat land. Willis' tenancy had never been disturbed, and he had never attorned to plaintiff, and had no right to attorn, had he so attempted. Defendant was his landlord, to whom he owed and actually paid over the rent. By what process that rent, whether in money or anything else, became transmuted into plaintiff's property, was not pointed out on the argument, and is not ascertainable on any legal ground. Whether or not plaintiff had any cause of action against defendant, she never became vested with his rents actually paid over.

The question touching the relative rights of the parties under the contract in other respects are not important.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.