MALCOLM McVICAR ET AL., EXECUTORS, ETC., v. ELIZABETH F. DENISON ET AL.

*Mortgage—Assignment of rents and profits—Trustees—Public policy —Interest.*

1. A mortgagor desired to plat the mortgaged premises, and to arrange for the release of the lots and blocks as sold. The mortgagee held two past-due mortgages upon improved city property belonging to the mortgagor, containing the usual insurance and tax clauses. He agreed to receive, at any time within three years, payments to apply on the *third* mortgage, and to release the lots and blocks in the order in which they should be sold  In consideration of this agreement the mortgagor assigned to a trustee the rents and income of the premises covered by the other mortgages, "until the interest and taxes now due, and that shall have accrued, upon the mortgages and lands," were paid: *provided*, said mortgages were not sooner paid, in which case the agreement was to terminate.  The trustee was to apply the rents to the payment of taxes and insurance on the mortgaged premises, to the payment of interest on the mortgages, and on a mortgage on a farm held by another mortgagee, in the order stated. The trustee collected and applied the rents for about four years, but at no time had enough money to pay the taxes and accrued interest.   During this time the mortgages on the platted property and on the farm were paid by the mortgagor, who sought to revoke the assignment, and forbade the trustee from taking further action thereunder, contending that the assignment was confined to interest and taxes due when it was made, which had been paid; that, if this is not the true con-

struction, then, by the payment of the other mortgages, the agreement became applicable to the mortgages on the property, the rent and income from which is to be applied upon said mortgages, and is therefore against public policy; and that the foreclosure suit annuls the agreement; all of which propositions are held untenable by the Court.

2. After the maturity of the principal, interest cannot be compounded under How. Stat. § 1599.

Appeal from Bay. (Cobb, J.) Argued May 16, 1890. Decided June 6, 1890.

Bill to foreclose two mortgages. Defendants appeal. Decree modified and affirmed. The facts are stated in the opinion.

*Hatch & Cooley,* for complainants.

*Isaac A. Gilbert* (*A. McDonell,* of counsel), for defendants.

GRANT, J. The bill in this cause was filed June 23, 1888, to foreclose two mortgages, executed by defendant Denison to William McMaster, on real estate in Bay City, one for $22,000, dated November 1, 1881, and the other for $2,500, dated May 25, 1882. Both became due November 1, 1884. Complainants claim there is now due $34,255.25, and defendants concede that there is due $33,440.70.

The principal controversy arises upon two written instruments, one executed by defendant Denison to defendant Pratt, dated December 24, 1884, and the other executed by William McMaster to the defendant Denison, dated January 27, 1885. They were in fact, however, contemporaneous, and parts of one transaction.

Prior to December, 1884, Mrs. Denison had executed to Mr. McMaster another mortgage, for $10,500, on real estate in West Bay City, and also had given a mortgage to one Jones on her farm near Bay City. Complainants'

mortgages contained the usual insurance and tax clauses.

On December 24, 1884, the amount of unpaid taxes on the Bay City property was about $1,900, and considerable interest was also due and unpaid. McMaster then lived in Toronto, Canada, and was in failing health. On November 20, 1884, he wrote to his agent in Bay City that, in view of his state of health, and the possibility of his affairs soon being in the hands of executors, he desired to have his agent place the transactions between Mr. Denison and himself upon a satisfactory basis. Mr. Denison was the agent of his wife. He wrote in this letter that he would like to serve Mr. Denison as a friend of the family, but that Mr. Denison treated his letters with indifference, and he instructed his agent to leave all matters, which were not arranged by him, in the hands of a solicitor.

He wrote his agent again on the following day, requesting him to show his first letter to Mr. Denison, and saying that he did not want the principal, but that he could not allow Mr. Denison to collect the rents, and allow his interest to remain unpaid. His agent communicated the contents of these letters to Mr. Denison. Mrs. Denison desired to plat the West Bay City property, and to make arrangements for the discharge of the mortgage upon the lots as fast as they were sold. This was evidently important for 'her interests, in order that she might sell the lots to advantage. Negotiations were entered into, resulting in the execution of the two agreements above mentioned.

The agreement of December 24 is as follows:

" KNOW ALL MEN BY THESE PRESENTS, That I, Elizabeth F. Denison, of Bay City, Bay county, State of Michigan, party of the first part, for and in consideration of a certain agreement made by Honorable William McMaster, of Toronto, Ontario, to me, relative to a cer-

tain mortgage held by him on lands belonging to me in West Bay City, Michigan, have sold, assigned, transferred, and set over, and by these presents do sell, assign, transfer, and set over, to Frank S. Pratt, of said Bay City, party of the second part, all the rents and income of lots No. five (5) and six (6) of block number thirty-one (31), plat of Lower Saginaw, in Bay City, Michigan, now due, or that may hereafter become due, from the present lessees, or any other tenant or tenants of said premises, or any part thereof, during the term of until the interest and taxes now due, and that shall have accrued, upon the mortgages and lands herein mentioned, are paid as herein provided: Provided, said mortgages are not sooner paid, in which case this assignment shall terminate; it being agreed that the rent on the south store on said premises is now paid to January 20, 1885, and on the north store to January 15, 1885.

"The said rents and income to be received by said Pratt, and used and applied by him for the following purposes, viz.:

"1. To the payment of the taxes and insurance on the above-mentioned lots five (5) and six (6) of block thirty-one (31), and on the south-west quarter of the north-west quarter of section twenty (20), of township fourteen (14) north, of range five (5) east, in said Bay county, except certain parcels sold, the above-mentioned West Bay City land.

"2. To the payment of the interest on the mortgages of said lands to the said William McMaster.

"3. The interest on the mortgage made by me to Hiram A. Jones, of Newburg, state of New York."

The other agreement cited the mortgage on the West Bay City property, and the desire of Mrs. Denison to sell the same by lots and blocks, according to a map attached to the agreement. It then proceeded as follows:

"Now, therefore, said William McMaster hereby covenants and agrees, to and with the said Elizabeth F. Denison, in consideration of the payment of said mortgage, as herein proposed, that he will, at any time within three years hereafter, receive payments to apply on her said notes and mortgage, in sums not less than five hundred dollars ($500.00), and that he will, on receiving such pay-

ments, at the request of said Denison or her assigns, release from said mortgage the respective lots and blocks, according to said map."

It further provided that the blocks, or parts of blocks, should only be released in the order in which they should be sold by Mrs. Denison. The agreement first above mentioned was duly executed and acknowledged by Mrs. Denison, and the latter was duly executed and acknowledged by Mr. McMaster.

Defendant Pratt accepted the trust in writing, indorsed upon the back of the paper executed by Mrs. Denison. Both parties acted upon these agreements as valid and binding until June 9, 1888, when this suit was commenced. By some arrangement between Mr. Pratt and Mrs. Denison, Mr. Denison continued to collect the rents until in June, 1886, paying them over to Mr. Pratt, except about $1,500, which he kept either for himself or for Mrs. Denison, but which does not appear, nor is it material. Mr. Pratt applied the moneys received by him according to the trust, but at no time did he have sufficient to pay the taxes and the accrued interest. The mortgage to Jones, and the one to Mr. McMaster on the West Bay City property, were finally paid, the one in 1887, the other in 1888, and are of no consequence here. Mr. Pratt filed his account, showing that at the commencement of this suit he had in his hands $497.59. June 9, 1888, Mrs. Denison served a written notice on Mr. Pratt, claiming to revoke and terminate her agreement of December 24, 1884, demanding the money then in his hands, and forbidding him to collect any more rents. She also notified the tenants to pay no more rents to Mr. Pratt. It is now contended by defendant Denison:

1. That the agreement was confined to the interest and taxes which had accrued December 24, 1884, and were then past due, and that these have been paid.

2. That, if this be not so, then, the mortgages to Jones and to McMaster on the West Bay City property having been paid, the agreement is now an assignment of the rents of the mortgaged property, to be applied in paying taxes and insurance upon the mortgaged premises, and interest upon the indebtedness secured by the mortgage, and is therefore contrary to the policy and spirit of the law, and cannot be enforced.[1]

3. That the foreclosure suit annuls the agreement, and leaves the parties in the same position as they would be in without any such agreement.

1. We think it entirely clear, both from the reading of the instrument itself and from the interpretation put upon it by the conduct of the parties, that the assignment was not limited to the interest and taxes then due. The instrument speaks in the future as well as the present. The defendant Denison, by her conduct for a period of nearly four years, recognized the right of Pratt to collect the rents, and apply them in payment of the taxes and interest that from time to time accumulated. During this time Pratt collected $10,174.57. The expression in the contract is awkward, but her long acquiescence leaves us in no doubt as to its meaning.

2. Counsel for defendants do not claim that the contract was originally void, as against the policy of the law, but that it has become so by the payment of the mortgages to Jones and McMaster on the West Bay City property. Properly interpreted, the position is this: The contract, as a whole, was valid. Mrs. Denison has received all the benefits accorded to her by it. McMaster performed his part of it. She has been enabled under it to sell her West Bay City property, pay the mortgage upon it, and the one upon her farm; and now by these acts the benefits accorded by the agreement to McMaster

---

[1] Counsel cited *Hazeltine v. Granger*, 44 Mich. 503; *Batty v. Snook*, 5 Id. 239; *Wagar v. Stone*, 36 Id. 364; *Beecher v. Rolling Mill Co.*, 40 Id. 307.

have become tainted with oppression, and are void. There is neither equity nor reason in the proposition. The contract must be construed as a whole.

The record does not present to us the case of the naked assignment of the rents and profits for the sole purpose of benefiting the mortgagee, and oppressively taking them away from the mortgagor. McMaster took no oppressive or undue advantage of Mrs. Denison. His mortgages were due. He was willing to let them run longer if the interest and taxes were paid, but was unwilling to let them accumulate. This certainly was his right, and it is a novel proposition that in so doing he acted oppressively, or took an unwarranted advantage. We are cited to no authority, and we think none can be found, holding that an assignment of the rents, under such circumstances, was void or even unfair. We therefore hold that these two instruments are honest, mutual, and valid contracts.

3. The commencement of suit did not annul nor terminate the right of complainants to have the rents collected and applied in payment of the interest and taxes. The assignment continues in force until the sale, and the amounts collected will then be deducted from the amount for which the property will be sold. It is the duty of defendant Pratt to pay over to complainants the amount now in his hands, and to proceed to collect the rents now due and unpaid, or which may become due before the sale, and to apply so much of the same as shall be required to pay the taxes and interest; paying the balance, if there shall be any, to the defendant Denison. The decree of the court below was in favor of complainants, and will be affirmed, except as hereinafter stated, with the costs of both courts as against defendant Denison, but without any costs as against defendant Pratt.

The court below erroneously computed interest upon

the interest accruing after November 1, 1886, making semi-annual rests.[1] The entire debt, both principal and interest, was then due, and after that interest cannot be compounded, under How. Stat. § 1599.

The case will be remanded to the circuit court for the county of Bay, in chancery, for execution in accordance with the above opinion.

The other Justices concurred.

———◇———

81  355
106  173

---

[1] The amount due upon the two mortgages was at this date agreed upon by the parties to the instruments, which became due November 1, 1884.