GUARANTY TRUST CO. OF DETROIT *v.* FELDMAN.

1. Constitutional Law—Statutes—Class Legislation—Trust Mortgages.

Act No. 228, Pub. Acts 1925, authorizing assignment of rents and profits of property mortgaged under trust mortgage or deed of trust to secure bonds or obligations issued thereunder, does not offend the equal protection clause of Federal Constitution, and is not objectionable class legislation; classification not being arbitrary or unreasonable.

2. Mortgages—Trust Mortgages—Default—Receivers.

On default in payments on principal, interest, taxes, and other items of trust mortgage assigning rents and profits as further security, as authorized by Act No. 228, Pub. Acts 1925, receiver was properly appointed to enforce said security.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted June 14, 1929. (Docket No. 64, Calendar No. 34,376.) Decided July 8, 1929. Rehearing denied September 4, 1929.

Bill by the Guaranty Trust Company of Detroit, trustee, against Isadore Feldman and others to foreclose a trust mortgage. From an order appointing a receiver, defendants appeal. Affirmed.

*Hunt, Field & Chase* (*G. Leslie Field,* of counsel), for plaintiff.

*Shapero & Shapero* (*Nelson S. Shapero,* of counsel), for defendants.

Clark, J. Defendants Isadore Feldman and Louis Milgrom and their wives executed and delivered to plaintiff a trust mortgage securing an issue of bonds in the principal sum of $130,000. The mortgaged property is an apartment and store building.

As to effect of provision in mortgage authorizing appointment of receiver for rents and profits, see annotation in 4 A. L. R. 1415.

The mortgage contains a provision whereby rents and profits from the mortgaged property are assigned to the trustee as further security.  It also recites consent of the mortgagors to the appointment of a receiver for the benefit of bondholders upon default and the commencement of foreclosure proceedings.  Mortgagors defaulted for principal, interest, taxes, and other items.  Thereupon the trustee filed notice of default with the register of deeds and served copies thereof in compliance with Act No. 228, Pub. Acts 1925, and with the provisions of the mortgage.  Trustee filed bill for foreclosure and for enforcement of the security respecting rents and profits and for the appointment of a receiver to that end.  After hearing, an order was made appointing receiver, from which defendants have appealed.

If the mortgage with respect to the rents and profits is valid and enforceable, it was proper to appoint a receiver (42 C. J. p. 123; 1 Wiltsie on Mortgage Foreclosure [4th Ed.], p. 725; 3 Jones on Mortgages [8th Ed.], p. 408), so the decisive question is the validity and enforceability of this feature of the mortgage, and that, as presented, is made to turn on the constitutionality of said Act No. 228, Pub. Acts 1925 (see 3 Comp. Laws 1915, § 13221, and annotations), it having been argued in the circuit court and in this court that the act offends the equal protection clause of the Constitution of the United States.  That being the only objection urged in the trial court, it is the only one considered here.

The statute in question:

"An act to authorize the assignment of rents and profits of property mortgaged under a trust mortgage or deed of trust, to secure bonds or obligations issued or to be issued thereunder.

"*The People of the State of Michigan enact:*

"Section 1. Hereafter, in or in connection with any trust mortgage or deed of trust, to secure bonds or obligations issued or to be issued thereunder, it shall be lawful to assign the rents and profits of the property mortgaged to the trustee or trustees under the trust mortgage or deed of trust for the benefit of the bondholders and holders of the obligations issued or to be issued under the trust mortgage or deed of trust.

"Sec. 2. The assignment of rents and profits, when so made, shall be a good and valid assignment of rents as against the mortgagor or mortgagors or those claiming under or through them from the date of the recording of the trust mortgage or deed of trust, and shall operate against and be binding upon the occupiers of the premises from the date of the filing by the trustee or trustees in the office of the register of deeds for the county in which the property is located of a notice of default in the terms and conditions of the trust mortgage or deed of trust, and service of a copy of such notice upon the occupiers of the mortgaged premises."

It is argued that the act is class legislation favoring a class of securities and discriminating against others, and that the classification is arbitrary and without reasonable basis. This question is fully considered and like objections discussed in *Straus* v. *Elless Co.*, 245 Mich. 558, decisive here. The opinion is accessible, and we refrain from quoting from it. Following such decision, it is held here that, as against the objection made, the act is valid.

It follows that the order is affirmed, with costs to plaintiff.

North, C. J., and Fead, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.