CENTRAL TRUST CO. *v.* WOLF.

1. MORTGAGES—TRUST MORTGAGES—ASSIGNMENT OF RENTS AND PROFITS—STATUTES.
   Assignment of rents and profits of mortgaged property as further security may be in writing at or after execution of trust mortgage (3 Comp. Laws 1929, §§ 13498, 13499).

2. SAME—VALIDATING ASSIGNMENT OF RENTS AND PROFITS—RECEIVERS.
   Provision in trust mortgage, executed prior to effective date of 3 Comp. Laws 1929, §§ 13498, 13499, assigning rents and profits as further security, was validated by agreement extending time of payment and increasing amount of indebtedness, entered into subsequent to effective date of said statute, where by reference said provision was adopted and incorporated, and therefore, on default, receiver was properly appointed.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 10, 1933. (Docket No. 76, Calendar No. 36,952.) Decided March 2, 1933.

Bill by Central Trust Company, a Michigan corporation, against Elias Wolf and others to foreclose a trust mortgage. On petition of plaintiff for appointment of a receiver. From order granting petition, defendant Wolf appeals. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*Maxwell I. Silverstein* and *Arthur H. Ratner,* for defendant Wolf.

CLARK, J. Under a bill for foreclosure of a mortgage to it as trustee, and securing an issue of bonds, plaintiff filed petition for appointment of receiver. From the order of appointment, defendant Elias Wolf, mortgagor, has appealed. The mortgage was given May 19, 1925, and before the effective date of

Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), authorizing assignment of rents and profits of property mortgaged to trustee as further security. The mortgage contains such assignment. In 1930, when the debt secured had been paid in part, an agreement was made between the parties extending time of payment and increasing amount of indebtedness secured. The agreement is quite complete, and while it does not repeat all the provisions of the mortgage, it does adopt and incorporate them by reference. The assignment may be in a writing at or after the execution of the mortgage. *Security Trust Co.* v. *Sloman,* 252 Mich. 266. If this provision with respect to rents and profits is valid, a receiver may be appointed. *Guaranty Trust Co.* v. *Feldman,* 247 Mich. 524.

We are in accord with the following opinion of the trial judge, finding a proper assignment and ordering appointment of receiver:

"I think that a fair reading of the documents, and particularly of the agreement of 1930, leads to the conclusion that under that agreement, based as it is upon an increase of the mortgage indebtedness, the parties contemplated that all possible security should be given. It appears to be a reasonable conclusion that they contemplated that all of the terms and provisions of the mortgage of 1925, including the assignment of rents as further security, were to be effective from and after 1930. This being the case, the situation is the same as though the latter agreement had in terms contained a new assignment of rents by way of security. Therefore, * * * there is reason for the appointment of a receiver."

Affirmed, with costs.

McDonald, C. J., and Potter, North, Fead, Wiest, and Butzel, JJ., concurred. Sharpe, J., did not sit.