MASSACHUSETTS MUTUAL LIFE INSURANCE CO. *v.*
RUETTER.

1. MORTGAGES—ASSIGNMENT OF RENTS AND PROFITS—RECEIVERS.
   Generally, an assignment of rents and profits as additional security under a mortgage and appointment of a receiver to collect same prior to passage of absolute title are invalid in this State, although there are some exceptions (3 Comp. Laws 1929, §§ 13498, 13499, 14956).

2. SAME—EXTENSION OF MORTGAGE—ASSIGNMENT AS CONSIDERATION.
   Extension of mortgage is valid consideration for assignment of rents as additional security for payment of taxes, assessments and insurance premiums, and such assignment is valid.

3. Same—Receivers—Foreclosure.

> Court of equity *held*, without power to appoint receiver to collect rents and profits pursuant to bill for specific performance of agreement extending mortgage and assigning rents which contemplated such appointment only in case of institution of foreclosure proceedings and his appointment was not incidental to other relief.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 4, 1934. (Docket No. 16, Calendar No. 37,557.) Decided July 2, 1934.

Bill by Massachusetts Mutual Life Insurance Company, a Massachusetts corporation, against Jacob J. Ruetter and wife for the appointment of a receiver and for other relief. Decree for plaintiff. Defendants appeal. Reversed.

*Dudley E. Whiting,* for plaintiff.

*Robert J. Hesse,* for defendants.

Edward M. Sharpe, J. In January, 1926, defendants gave a first mortgage in the usual form to plaintiff company in the amount of $18,000 with interest at the rate of six per cent. payable semi-annually. This mortgage became due January 1, 1931, and the defendants being unable to pay the indebtedness, the parties agreed to an extension for an additional five years. Annual payments of $750 were provided and interest was made payable semi-annually. All the provisions in the original mortgage, including the acceleration clause, were continued in force. The extension agreement contained the following provision:

"In consideration of such extension, said parties of the first part hereby assign to said party of the

second part the rents of said premises as additional
security for the payment of taxes, assessments and
insurance premiums, and towards keeping said
premises in good repair and condition, and in case of
foreclosure of said mortgage, if there shall then or
thereafter be default in the payment of such taxes
or assessments, or insurance premiums, or failure
to keep said mortgaged premises in good repair and
condition said party of the second part shall be en-
titled to the appointment of a receiver of such rents,
to be applied by such receiver towards the payment
of such taxes, assessments, insurance premiums and
towards keeping .said premises in good repair and
condition; and said first parties hereby consent to
such appointment and to such disbursements of such
rents by such receiver, who, in addition to such dis-
bursements, shall be entitled out of such rents to his
reasonable charges and expenses.''

On May 15, 1933, defendants having defaulted in
the payment of principal, interest and taxes for 1931
and 1932, plaintiff filed a bill of complaint in equity
praying for specific performance of the agreement
for assignment of rents and profits and for the ap-
pointment of a receiver. On September 29, 1933,
the lower court issued an order for specific perform-
ance and for a receiver.

The defendants contend, first, that inasmuch as
the mortgage and extension do not constitute a trust
mortgage, the agreement for the assignment of rents
and profits is unenforceable; and, second, that con-
ceding the validity of the agreement, the court had
no authority to appoint a receiver to collect the
rents and profits and apply the same to the liabilities
of the mortgagors.

Since the enactment in 1843 of what corresponds
to 3 Comp. Laws 1929, § 14956, the general rule in
Michigan has been that an assignment of rents and

profits as additional security under a mortgage is invalid and that there can be no appointment of a receiver prior to the passage of absolute title to the mortgagee. However there are some exceptions to this general rule. Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), provides that an assignment of rents clause in a trust mortgage is valid.

In *Nusbaum* v. *Shapero,* 249 Mich. 252, the court said at pp. 263, 264:

"We do not believe the ejectment statute prevents a court of equity from enforcing provisions of the mortgage which insure the payment of taxes and insurance premiums. The failure to pay them out of the large revenue from the property might result in the destruction of the larger part of the security."

In *Morse* v. *Byam,* 55 Mich. 594, the court held that the mortgagor may waive his right to possession and permit the mortgagee to take possession and that such consent would be good until revoked. Accord, *Byers* v. *Byers,* 65 Mich. 598; *Harrison* v. *Spencer,* 110 Mich. 215.

In *Pines* v. *Equitable Trust Co.,* 263 Mich. 458, in which an assignment of rents was given after default in payment under the terms of the mortgage, the court held that the acts of 1843 and 1925 did not constitute a restraint on alienation and that the contract for the assignment of rents was valid.

In the instant case we find that there was a valid consideration for the assignment of the rents. The defendants obtained an extension of the mortgage in consideration of their pledge of the rentals for the upkeep of the premises. Where supported by a valid consideration, such an assignment is valid.

"An independent assignment of rents to a mortgagee subsequent to a mortgage and based on a valuable consideration is valid." 41 C. J. p. 630.

"An agreement by a mortgagee to extend the time of payment of the debt secured by a mortgage whether indorsed on the instrument or otherwise evidenced will continue the lien of the mortgagee and all his rights and remedies thereunder for the new period. * * * It must be supported by a sufficient consideration." 41 C. J. p. 808.

It is next contended that the trial court had no power to appoint a receiver. In this we must agree as the appointment of a receiver must be ancillary to other relief sought in the bill of complaint. The record discloses that the only relief asked for is the appointment of a receiver to collect the rents and profits. In addition to this the assignment clause contemplates the appointment of a receiver only in the event that foreclosure proceedings were instituted.

The plaintiff's bill of complaint is dismissed and the receiver appointed under the decree of the trial court will account to defendants for all rents and profits received while acting in such capacity.

Defendants will recover costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.