## FREEDMAN v. MASSACHUSETTS MUT. LIFE INS. CO.

### No. 6885.

Circuit Court of Appeals, Sixth Circuit.

Feb. 7, 1936.

Max N. Freedman, of Detroit, Mich. (Freedman & Drexelius, of Detroit, Mich., on the brief), for appellant.

Dudley E. Whiting, of Detroit, Mich., for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

## ALLEN, Circuit Judge.

This is an appeal from an interlocutory order appointing a receiver. The appellee filed a bill of complaint praying foreclosure of a mortgage executed by appellant to appellee, and averring that subsequent to its due date the parties entered into an agreement in writing extending the time of payment, and assigning the rents to appellee as additional security. The agreement provided that in case of default in the payment of taxes, the appellee should be entitled to the appointment of a receiver of the rents assigned. The bill of complaint averred default in payment of city, county and state taxes for the years 1931, 1932 and 1933. The motion for receiver set out that the agreement had become operative by reason of this default, and the court appointed a receiver authorized to manage the premises, to collect the rents, and to do the acts incidental to such management.

The principal question is whether the appellee is entitled to the appointment of a receiver in view of section 14956, Comp.Laws Mich.1929, which provides:

"No action of ejectment shall hereafter be maintained by a mortgagee, or his assigns or representatives, for the recovery of the mortgaged premises, until the title thereto shall have become absolute upon a foreclosure of the mortgage."

The solution of this question depends upon a preliminary consideration as to whether the law of Michigan is applicable. Appellant attacks the receivership upon the ground that the contract assigning the rents and providing for receivership is invalid. This contract was made with reference to specific real property situated in Michigan, and therefore is peculiarly local in character. Federal courts apply the law of the state in which land is situated as to the validity and effect of contracts concerning such land and affecting the title thereto. Taylor v. R. C. Maxwell Co., 31 F.(2d) 711 (C.C.A.1); Thomas v. Gates, 31 F.(2d) 828 (C.C.A.4); Rogers v. Jones, 40 F.(2d) 333 (C.C.A.10); Harrell v. United Carbon Co., 52 F.(2d) 790 (C.C.A.5); Hartford Fire Ins. Co. v. Nance, 12 F.(2d) 575 (C.C.A.6); Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050.

Under the Michigan statute it is the general rule that an assignment of the rents and profits as additional security under the mortgage is invalid, and there can be no appointment of a receiver prior to the passage of absolute title to the mortgagee. Wagar v. Stone, 36 Mich. 364; Hazeltine v. Granger, 44 Mich. 503, 7 N.W. 74; American Trust Co. v. Michigan Trust Co., 263 Mich. 337, 248 N.W. 829. As stated in Massachusetts Mutual Life Ins. Co. v. Ruetter, 268 Mich. 175, 255 N.W. 754, 755, there are certain exceptions to this rule:

(1) In case of trust mortgages executed after the adoption of Comp.Laws Mich.1929, §§ 13498, 13499. Union Guardian Trust Co. v. Lipsitz, 268 Mich. 209, 255 N.W. 766.

(2) In the case of waste, under the general equity powers of the court. Nusbaum v. Shapero, 249 Mich. 252, 228 N.W. 785.

(3) In cases where the contract for assignment of rents is given after default in payment under the terms of the mortgage and for a valuable consideration.

The instant case comes within the third exception. Contracts for assignment of rents executed after default under Michigan law are valid. McVicar v. Denison, 81 Mich. 348, 45 N.W. 659; Pines v. Equitable Trust Co., 263 Mich. 458, 249 N.W. 32. In Massachusetts Mutual Life Ins. Co. v. Ruetter, supra, the provision for assignment of rents was identical with that in the instant case. The agreement was executed subsequently to the mortgage, and by it the mortgagors obtained an extension. In that case the only relief sought was the appointment of a receiver to collect the rents and profits. With reference to the contract of assignment, the court said: "In the instant case we find that there was a valid consideration for the assignment of the rents. The defendants obtained an extension of the mortgage in consideration of their pledge of the rentals for the upkeep of the premises. Where supported by a valid consideration, such an assignment is valid." The court declined to appoint a receiver, holding that such an appointment must be ancillary to other relief sought in the bill, and also that the assignment clause contemplated such an appointment only in the event that foreclosure proceedings were instituted.

As the appointment here is ancillary to foreclosure, the prerequisite for the appointment of a receiver laid down in Massachusetts Mutual Life Ins. Co. v. Ruetter, supra, is present. The agreement is valid, and the order is affirmed.