MASSACHUSETTS MUTUAL LIFE INS. CO. *v.* SUTTON.

1. STIPULATIONS—MORTGAGES—ASSIGNMENT OF RENTS—WITHHOLDING FORECLOSURE—CONSIDERATION.

   Contention that defaulting mortgagor's assignment of rents of mortgaged property to mortgagee under an ordinary mortgage was without consideration because mortgagee did not promise to forbear foreclosure *held,* answered by stipulation of facts filed in this court that mortgagee agreed to withhold foreclosure upon receiving assignment but for no definite time.

2. MORTGAGES—WITHHOLDING FORECLOSURE—ASSIGNMENT OF RENTS—CONSIDERATION—TIME.

   Agreement to withhold foreclosure in return for an assignment of rents by mortgagor in default *held,* valid consideration although for no definite time since the forbearance is then for a reasonable time.

3. SAME—POLICY OF STATE AS TO MORTGAGORS.

   Policy of State, except as modified with respect to trust mortgages, is to save to mortgagors the possession and benefits of the mortgaged premises, as against mortgagees, until expiration of period of redemption (3 Comp. Laws 1929, § 13498, as amended by Act No. 55, Pub. Acts 1933, § 14956).

4. SAME—POSSESSION BY MORTGAGEE.

   Where mortgagor gives mortgagee possession simultaneously with or after execution of the mortgage but without any definite agreement as to time of possession, the mortgagee's tenure, while lawful, is temporary.

5. SAME—POSSESSION—RENTS.
   Mortgagor's specific contract made with mortgagee for possession or rents will be enforced according to its terms.

6. SAME—ASSIGNMENT OF RENTS—FORECLOSURE—REDEMPTION.
   An assignment of rents will continue through foreclosure and period of redemption where contract so expressly provides.

7. SAME—CONTRACT WITH MORTGAGEE FOR POSSESSION OR RENTS.
   Mortgagor's subsequent contract with mortgagee for latter's possession or rents of the mortgaged premises must be read in connection with settled policy of State and former not be deprived of the premises except where contract clearly gives possession or rents for a time ascertainable by lay mortgagor without judicial construction.

8. SAME—ASSIGNMENT OF RENTS—FORBEARANCE OF FORECLOSURE—TIME.
   Under defaulted mortgagor's subsequent contract with mortgagee assigning latter rents of mortgaged premises but containing no promise to forbear foreclosure, followed by forbearance and not stating term of surrender, term of assignment of rents and forbearance *held*, to run contemporaneously and to cease simultaneously.

9. CONTRACTS—POLICY OF STATE.
   An agreement overriding the policy of the State ought not to bear the germs of litigation.

10. MORTGAGES—ASSIGNMENT OF RENTS—FORBEARANCE OF FORECLOSURE—TIME.
    Except as provided by statute relating to trust mortgages, mortgagor's delivery of possession or assignment of rents of the mortgaged premises to the mortgagee, after execution and commencement of the operation of the mortgage, does not extend beyond the institution of foreclosure proceedings unless the agreement expressly provides therefor (3 Comp. Laws 1929, § 13498, as amended by Act No. 55, Pub. Acts 1933).

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 13, 1936. (Docket No. 34, Calendar No. 39,118.) Decided December 28, 1936.

Bill by Massachusetts Mutual Life Insurance Company, a Massachusetts corporation, against Ella

B. Sutton and others to foreclose a mortgage. Cross-bill by Ella B. Sutton to restrain plaintiff from interfering with the collection of rents and other relief. Decree for plaintiff. Defendant Sutton appeals. Modified and affirmed.

*Dudley E. Whiting,* for plaintiff.

*Arthur E. Moore,* for defendant.

FEAD, J.  May 28, 1931, defendant Ella B. Sutton, being in default in the payment of the entire principal and some interest and taxes due on an ordinary real estate mortgage for $20,000 to plaintiff, executed an instrument reading:

"The undersigned, Ella B. Sutton, owner of the premises located 8724–28 Grand River avenue, in the city of Detroit, in the State of Michigan, and which is now subject to a first mortgage to the Massachusetts Mutual Life Insurance Company, dated March 22, 1926, and recorded on page 259 in book 1697, and given to secure the payment of $20,000 and the payments of which mortgage are now in arrears, do hereby assign the rents of said property to said insurance company for the purpose of paying such arrears, including interest, principal, taxes and assessments, and fire insurance premiums, and for the purpose, after such payments, of keeping said premises in good repair and condition.

"Possession of said premises is hereby given said insurance company with authority to lease the same or any part thereof by its agent or agents upon such terms and for such time as it may deem best.

"And said insurance company is also authorized through its agents or attorneys to collect such rents in the name of the undersigned or otherwise as it may deem best, and to that end bring suit for the recovery of such rents, and to commence proceedings

to evict any of the tenants on said premises for non-payment of such rents.

"After such rents shall be applied as aforesaid the residue, if any, after payment of costs of collection, shall be paid by said insurance company to the undersigned.

"It is hereby understood and agreed that this assignment is made to said Massachusetts Mutual Life Insurance Company without prejudice to it of its rights pursuant to said mortgage to commence proceedings for the foreclosure thereof provided the undersigned continue to remain in arrears in payment according to the terms of said mortgage."

Plaintiff took possession of the premises and has collected the rents. August 26, 1935, it filed this bill to foreclose the mortgage. October 31, 1935, defendant gave plaintiff notice of termination of the assignment and she also filed a cross-bill for injunction to restrain plaintiff from collecting the rents.

The court decreed foreclosure but granted moratorium stay until March 1, 1937, with plaintiff's collection of the rents under the assignment to stand in lieu of an order for fair rental under the moratorium act. No complaint is made of this part of the decree.

Defendant, however, objects to the further provisions of the decree that the assignment is valid, supported by a sufficient consideration, not revocable by defendant, and is effective to entitle plaintiff to the rents after foreclosure sale and until expiration of the period of redemption if the debt is not sooner satisfied.

Defendant contends the assignment was without consideration because it contains no promise of plaintiff to forbear foreclosure. This point is cured by the stipulation of facts upon which the case is

presented to this court, that plaintiff agreed to withhold foreclosure upon receiving the assignment but for no definite time. Where no time is fixed, the forbearance is for a reasonable time. *Calkins* v. *Chandler,* 36 Mich. 320 (24 Am. Rep. 593).

The principal question is upon the construction and effect of the assignment.

Since the ejectment statute of 1843 (Act No. 62, Pub. Acts 1843 *), and except as modified as to trust mortgages by 3 Comp. Laws 1929, § 13498 (as amended by Act No. 55, Pub. Acts 1933), it has been the definite and continuous policy of this State to save to mortgagors the possession and benefits of the mortgaged premises, as against the mortgagees, until expiration of the period of redemption. *Wagar* v. *Stone,* 36 Mich. 364; *Hazeltine* v. *Granger,* 44 Mich. 503; *Nusbaum* v. *Shapero,* 249 Mich. 252; *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324.

This court has attempted to guard the policy and protect the mortgagor against the opportunity for fraud, over-reaching or oppression by the mortgagee, but without circumscribing his right to dispose of his own property and freely contract with relation thereto subsequent to the mortgage.

So, it has held that where the mortgagor gives the mortgagee possession simultaneously with or after execution of the mortgage but without any definite agreement as to the time of the possession, the mortgagee's tenure, while lawful, is temporary. *Reading* v. *Waterman,* 46 Mich. 107; *Morse* v. *Byam,* 55 Mich. 594; *Byers* v. *Byers,* 65 Mich. 598; *Harrison* v. *Spencer,* 110 Mich. 215. But where a subsequent specific contract is made for possession or rents, it will be enforced according to its terms. *Reichert* v. *Guaran-*

* See 3 Comp. Laws 1929, § 14956.—REPORTER.

*ly Trust Co. of Detroit,* 261 Mich. 315; *Pines* v. *Equitable Trust Co.,* 263 Mich. 458; *Massachusetts Mutual Life Ins. Co.* v. *Ruetter,* 268 Mich. 175. And where the contract so expressly provides, an assignment of rents will continue through foreclosure and the period of redemption, *McVicar* v. *Denison,* 81 Mich. 348, in which the assignment was " 'during the term of until the interest and taxes * * * are paid as herein provided;' " *Mutual Benefit Life Ins. Co.* v. *Wetsman,* 277 Mich. 322, in which the assignment provided it should remain in force and effect during foreclosure proceedings and the period of redemption.

The contract for possession or rents must be read with the settled policy of the State in mind and the mortgagor should not be deprived of them except in a case where the right is clearly given the mortgagee by the engagement of the parties. *Michigan Trust Co.* v. *Lansing Lumber Co.,* 103 Mich. 392. To conserve properly the public policy, it seems clear that, in view of the superior and more independent position of the mortgagee and his opportunity to dominate a mortgagor in distress, a contract for possession or rents should be so definite and so clearly expressed as to time that the lay mortgagor will know the rights he is surrendering. Putting or keeping a mortgagee in possession of premises or rents under a contract so uncertain or ambiguous that the period of his tenure may be determined only by construction of a court is not a conservation of the settled policy.

The assignment at bar states the purpose but not the term of the surrender of rents. Upon its face it is without consideration because it contains no promise of forbearance. At most, if it were followed by actual forbearance, the reasonable construction in

harmony with the public policy would be that the assignment of rents and the forbearance run contemporaneously and cease simultaneously.

If we aid the assignment by reference to the stipulation of facts and the legal principle that plaintiff promised forbearance for a reasonable time, the assignment is subject to the criticism that it is uncertain and unfair to the mortgagor because differences of opinion between the parties as to what is a reasonable time would be practically inevitable and a dispute thereon might require the judgment of a court. An agreement overriding the policy of the State ought not to bear the germs of litigation.

We do not mean to hold that a contract for possession or rents based upon the consideration of forbearance to foreclose must provide a definite term of forbearance in specific words. It is for the mortgagor, not for the court, to determine whether the consideration for cession of his rights is sufficient but, in addition to the general rules of law covering consideration and contracts, an agreement indefinite as to forbearance would be subject to scrutiny in the light of the policy to protect the mortgagor.

We hold that, except as provided by the statute relating to trust mortgages, a delivery of possession or assignment of rents of the mortgaged premises by the mortgagor to the mortgagee, after execution of the mortgage and commencement of its operation, does not extend beyond the institution of the foreclosure proceedings unless the agreement expressly provides therefor.

Decree will be modified in accordance with this opinion, but without costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.