HATHAWAY v. MILLER INVESTMENT CORP.

1. MORTGAGES—EXTENSION AGREEMENTS—VALIDITY—TERMS.
   After a mortgage is due, a valid extension of time for payment thereof may be executed by the mortgagee and purchaser of mortgagor's interest by the latter assuming and agreeing to pay the mortgage and parties to such extension agreement could thereby, by reference, make operative any provisions of mortgage then hitherto inoperative.

2. SAME—EXTENSION OF TIME—FORECLOSURE—RECEIVERS—ASSIGNMENT OF RENTS AND PROFITS.
   A valid agreement extending time for making payment of a mortgage which, by reference, includes provision for appointment of a receiver to collect rents and profits pending foreclosure *held*, enforceable after commencement of foreclosure in equity.

3. APPEAL AND ERROR — QUESTIONS REVIEWABLE — PARTIES — MORTGAGES—ASSIGNMENT OF RENTS.
   Whether or not assignment of rents, which continued in force pending foreclosure in equity, would be effective and binding as an independent assignment as against an innocent purchaser of the premises without notice is not discussed where record does not show such innocent purchaser is involved in suit.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 11, 1937. (Docket No. 74, Calendar No. 39,572.) Decided November 10, 1937.

Bill by Stanley Hathaway, receiver of property held by Union Guardian Trust Company under declaration of trust, against Miller Investment Corporation and Vinton Corporation, Inc., Michigan corporations, and others to foreclose a mortgage. On

motion of plaintiff, receiver appointed. Defendant Miller Investment Corporation appeals. Affirmed.

*Harry L. Shaberman,* for plaintiff.

*Leithauser, Brown & Babcock,* for defendant Miller Investment Corporation.

WIEST, J. This is an appeal from the appointment of a receiver of mortgaged premises in the course of foreclosure in equity.

July 26, 1926, the Vinton Company, a corporation, executed to the Union Trust Company of Detroit a real estate mortgage to secure the payment of $40,000, by August 1, 1931. The mortgage provided that the mortgagee, or its successors or assigns, should have the right to a receiver over the rents and profits of the premises upon commencement of foreclosure proceedings, together with the right of possession for such purpose. September 13, 1926, the mortgage was assigned to the Union Trust Company (now Union Guardian Trust Company), trustee. April 15, 1935, plaintiff herein was appointed receiver of the assets embraced in the trust under which the Union Guardian Trust Company was acting as trustee and, as such, filed the bill to foreclose the mortgage here involved. March 16, 1931, the Vinton Company was dissolved and the Vinton Corporation became the owner of the mortgaged premises and, October 7, 1931, and after the mortgage had become due, entered into a written agreement with the Union Guardian Trust Company whereby the terms of payment of the unpaid and then due indebtedness were amended and the time for payment of the balance extended. This agreement, by reference, expressly provided:

"That in said mortgage the terms, covenants, agreements, and conditions, save and except as herein recited, do and shall remain unchanged, and are hereby ratified and continued."

And the Vinton Corporation, in consideration of such extension of time of payment, agreed to pay the note and mortgage.

April 22, 1932, the Vinton Corporation transferred the mortgaged premises to Harry R. Miller who assumed and agreed to pay the mortgage. October 31, 1932, Harry R. Miller transferred the premises to the Miller Investment Corporation without an agreement that it pay the mortgage.

The extension agreement between the mortgagee and the Vinton Corporation was not placed of record but Harry R. Miller had notice of its existence.

January 25, 1937, plaintiff filed a motion in the foreclosure suit for the appointment of a receiver, as provided in the mortgage and the extension agreement.

January 30, 1937, the Vinton Corporation also filed a motion for the appointment of a receiver to take possession of the premises and collect the rents, income and profits therefrom and devote the same toward the payment of taxes accrued thereon, and the insurance, maintenance and repair thereof, claiming insolvency of Mr. Miller and the Miller Investment Corporation and consequent liability of the Vinton Corporation for deficiency upon foreclosure sale.

At the hearing on the motions Robert K. Vinton testified to the condition of the premises and stated:

"When we signed this extension agreement for the Vinton Corporation we knew about the assignment of rents in the mortgage and realized that it

was being renewed by the extension agreement; we wanted to have it in there.''

In plaintiff's verified petition for the appointment of a receiver it was averred, and not questioned, that:

''At the time of the execution of such extension agreement, the note and mortgage, the subject of this suit, were owned by Union Guardian Trust Company, a Michigan corporation, as trustee for holders of participation certificates known and designated as 'series A,' which certificates were, at the time of the execution of such extension agreement, owned by the public at large.''

The court, on motion of the attorney for plaintiff herein, appointed a receiver to have possession, and control of the premises, with right to rents and income, and with duty to make repairs and that—

''Any and all moneys which, at any time, may be in the hands of the said receiver after payments and disbursements in accordance with the terms of this order, shall be held by the said receiver subject to the order of this court.''

Defendant Miller Investment Corporation, upon appeal, contends that the extension agreement merely ratified and continued the conditions of the mortgage and cannot be construed as an independent and valid assignment of rents as of the date of its execution. The mortgage was then due, the extension was sought, and the parties were at liberty to agree upon additional security, inclusive of making operative (if before that time it was inoperative) the agreement in the mortgage. This the parties could do by inclusion by reference, as was done.

Upon the subject of validity of extension agreements, see *Security Trust Co.* v. *Sloman,* 252 Mich. 266; *Reichert* v. *Guaranty Trust Co. of Detroit,* 261 Mich. 315; *Central Trust Co.* v. *Wolf,* 262 Mich. 209; *Massachusetts Mutual Life Ins. Co.* v. *Ruetter,* 268 Mich. 175; *Massachusetts Mutual Life Ins. Co.* v. *Sutton,* 278 Mich. 457.

The extension agreement was valid, and remained valid and enforceable after commencement of the foreclosure in equity.

Appellant makes the query:

"If the court should hold it a legal and effective assignment of rents and that it continues in force after commencement of foreclosure then would it be effective and binding as an independent assignment of rents as against an innocent purchaser of the premises without notice?"

The query is without premise.

The answer of the Miller Investment Corporation to the bill of complaint admits notice of the extension agreement.

The motion of the Vinton Corporation for the appointment of a receiver averred that defendant Harry R. Miller conveyed the premises to the Miller Investment Corporation, "which this defendant charges to be a wholly owned corporation which took title to said premises purely to hold the same for the said Harry R. Miller." We find no denial of this averment.

The motion of plaintiff for the appointment of a receiver averred that "the transfer of the said property by Harry R. Miller to the Miller Investment Corporation was made without consideration and a sham made for the purpose of evading the payment of the said mortgage indebtedness."

The record does not show any reply to this, or any showing that the Miller Investment Corporation was an innocent purchaser.

The order appointing the receiver is affirmed, with costs against appellant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.