FIDELITY TRUST CO. v. SAGINAW HOTELS CO.

1. MORTGAGES—FORECLOSURE—DUTY OF MORTGAGEE IN POSSESSION TO PRESERVE PROPERTY.

It is duty of mortgagee, in possession under power granted in mortgage, to receive rents during pendency of foreclosure, and to preserve property, at least within means furnished by rents.

2. SAME.

Until foreclosure, mortgagee although in possession for purpose of foreclosing, is not owner of property, but, beyond securing payment of debt due him, is really in position of trustee for owner, and has no authority to make estate better at expense of mortgagor, but is bound to use reasonable means to preserve estate from loss; what is proper expenditure depending on circumstances of each case.

3. SAME—LIABILITY FOR NEGLECT TO PRESERVE PROPERTY.

Mortgagee in possession is bound to make all reasonable and necessary repairs, and is responsible for loss occasioned by his wilful default or gross neglect in this respect.

4. RECEIVERS—OFFICERS OF COURT.

Receiver is officer of court.

5. MORTGAGES—FORECLOSURE—RECEIVER ENTITLED TO RENTS TO CONSERVE PROPERTY.

Receiver appointed at mortgagee's request to collect rents during foreclosure and save mortgaged properties from damage and loss is entitled to rents previously collected by trustee for mortgagee while in possession under terms of mortgage for payment of obligations and conservation of said properties as against claim that said rents are held for benefit of bondholders.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted April 5, 1932. (Docket No. 13, Calendar No. 36,248.) Decided June 6, 1932. Rehearing denied September 14, 1932.

On right and duty of mortgagee in possession as to repair or improvement of property, see annotation in 49 L. R. A. (N. S.) 122.

On receiver as officer of the court, see annotation in 6 L. R. A. 792; 38 A. L. R. 812.

Suit to foreclose a trust mortgage by Fidelity Trust Company, a Michigan corporation, substituted for Standard Trust Company, a Michigan corporation, against Saginaw Hotels Company, Inc., a Michigan corporation, its receiver, Charles Robinson, and others. On petition of receiver for payment of funds held by plaintiff as trustee. From order for receiver, plaintiff appeals. Affirmed.

*Colby, Berns & Costello,* for plaintiff.

*Beach & Beach,* for receiver.

Wiest, J. The Saginaw Hotels Company, Inc., executed a mortgage to the Standard Trust Company, as trustee, to secure an issue of bonds. The mortgage contained an assignment of rent clause under Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), and a clause for the appointment of a receiver. The Standard Trust Company filed a suit in the Saginaw circuit to foreclose the mortgage, and, under power of the mortgage, collected rents. The Standard Trust Company became insolvent, and Everett W. Barber was appointed its general receiver by the Wayne circuit court. November 3, 1930, an order was entered in the Wayne circuit removing the Standard Trust Company as trustee because of its insolvency, adjudging that Barber, as receiver, had "no right, title or interest or claim in, to or upon said trust estate," and that the Standard Trust Company and Barber, as its receiver, convey and deliver to the successor trustee all moneys belonging to the trust. The Fidelity Trust Company became the successor trustee and was made plaintiff in the foreclosure suit by order of substitution in the Saginaw circuit.

As successor trustee and substituted plaintiff, the Fidelity Trust Company petitioned the Saginaw circuit court to appoint a receiver, to collect rents and income during pendency of the suit, setting up that:

"One of the properties covered by said mortgage is an uncompleted hotel building, which requires the services of watchmen; that watchmen have been employed to conserve the property, and your petitioner is now informed that they have owing to them for back wages a large sum of money, to-wit: $1,000, and upwards;"—

that the tenant of the Benjamin Franklin Hotel refused to pay rent, and that unpaid taxes have reached the amount of $10,000.

The court appointed Charles Robinson receiver of the properties covered by the mortgage "for the purpose of maintaining and conserving the same," and directed:

"That the receiver shall exercise all such powers as shall be necessary to maintain and conserve the property in a proper physical condition, and shall be empowered to make such repairs as shall to him seem reasonably necessary to maintain the building in a proper physical condition, and preserve the same in a safe condition, pay all taxes and all charges in the nature thereof, due and to become due upon the same, until the further order of the court, said receiver being hereby given authority to employ any and all agents, workmen, etc., which in his judgment it shall be necessary to employ to carry out this order, as well as to employ watchmen for the purpose of guarding the vacant portions of said property, and to pay such agents, employees, watchmen, etc., from any moneys collected by him through rents, or income, or from any moneys derived through the issuance of receiver's certificates, and also to pay the watchmen now employed to

guard the vacant portions of said property any salaries lawfully due them for past services as such.''

The receiver then, by petition, informed the court:

''That there are many and various pressing obligations and expenses which make necessary the use of any moneys which are available from the income of the said property or from funds which have been paid under the said mortgage and now available for the payment of such obligations and expenses; that the obligations which require instant attention consist of services of the watchmen for the so-called Tavern property and for repairs to the said property and the Benjamin Franklin Hotel property; that the said watchmen have threatened to quit their employment and leave the property exposed and unwatched unless immediate provision is made for their compensation and for past services rendered; and your petitioner is further informed and believes that repairs to the Benjamin Franklin Hotel property are needed at once if the said property is to be preserved in a safe condition; that it is now in an unsafe condition and if allowed to stand may cause great damage to the property and .to others; that there likewise remain unpaid certain taxes which cannot be allowed to remain longer in delinquency without great danger of causing a cloud on the title; that your petitioner is likewise informed and believes that certain insurance is due or will be due which must be paid if the premises are to be protected from hazard.''

The receiver asked that funds from rents, collected by the Standard Trust Company, while it was trustee, and in the hands of its receiver, be ordered paid to him as receiver, and thereby made available for payment of obligations and conservation of the mortgaged properties.

Plaintiff, trustee, admitted there was money due it from the receiver of its predecessor trustee, but asserted that, when received, it is to be held for the use and benefit of holders of the bonds, and that:

"there is necessity for the payment of the watchmen's salaries, and also that there are some repairs which are necessary to be made to the properties, and that the taxes are unpaid, but denies that it is necessary, proper or legal to make use of any of the funds which may come into the hands of this plaintiff and which were received or collected by former trustee prior to the appointment of said receiver;"—

admitted that there was due from Barber, receiver of the Standard Trust Company, approximately $8,000, but denied that such money was available for the purpose sought by the receiver without consent of plaintiff, and also denied the necessity of using such funds for the preservation of the property.

Plaintiff also claimed that the court had no jurisdiction and no legal authority or right to require plaintiff to turn over any of said funds to the receiver or to permit the receiver to do any act or acts other than to take charge of the property, preserve the same, and collect the income therefrom.

The court granted the order and plaintiff, by appeal, presents the following question:

"Can a receiver, appointed under a trust mortgage containing an assignment of rent clause under the provisions of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), require the trustee, under said mortgage, to turn over to the receiver (appointed to take possession of the property of the mortgagor and collect the rents and income for the trustee) moneys in its hands belonging to said trust and received prior to the appointment of the receiver?"

The receiver was appointed at the request of the trustee to collect rents and conserve the properties, but, when need was shown, and no other funds available, the contention was made that the rents collected by the trustee before the appointment of the receiver may not be employed for such purpose.

It is the duty of a mortgagee, in possession under power granted in a mortgage, to receive rents during pendency of foreclosure, to preserve the property, at least within means furnished by the rents.

As stated in 2 Jones on Mortgages (8th Ed.), § 1443:

"Until foreclosure, the mortgagee, although in possession for the purpose of foreclosing, is not the owner of the property, but beyond securing payment of the debt due him is really in the position of trustee for the owner. He has no authority to make the estate better at the expense of the mortgagor, but is bound to use reasonable means to preserve the estate from loss and injury. * * * What is a proper expenditure must depend upon the circumstances of each case. * * *

"The mortgagee in possession is bound to make all reasonable and necessary repairs, and is responsible for loss occasioned by his wilful default or gross neglect in this respect."

Such is a duty and not merely optional, and, being a duty, the trustee is in error in contending that funds from rents belong to the bondholders, regardless of preservation of the main security.

"A mortgagee by invoking the power of the court to appoint a receiver thereby submits to the reasonable discretion of the court the management and control of the property, through its receiver, and the action of the court in that respect binds the mortgagee. After thus generally submitting the property to the discretion of the court, the mort-

gagee may not say that the court had no power as to him to do any act in the conservation and management of the property which lessens the lien of the mortgage, without his especial consent.'' 42 C. J. p. 127.

The receiver is an officer of the court, and, in this instance, was appointed at the request of the mortgagee to collect rents during foreclosure and save the mortgaged properties from material damage and loss. When the mortgagee so invoked the aid of the court it called into action a power with sufficient reach to subordinate collected rents during the pendency of foreclosure, and in the hands of the trustee, to the carrying out of the needed conservation of the properties.

The order appealed from is affirmed, with costs to appellees.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.