REICHERT v. GUARANTY TRUST CO. OF DETROIT.

1. Mortgages—Assignment of Rents—Notice of Default—Statutes.

Mortgagor may, without statute (3 Comp. Laws 1929, §§ 13498, 13499), in case of default, by express agreement, place mortgagee in possession with duty to preserve property and collect rents and income, and, when this is done, provision of statute in regard to filing notice of default in office of register of deeds and serving copy thereof upon occupiers of mortgaged premises has no application.

2. Trusts—Fiduciary Relation—Mortgages.

Fiduciary relation assumed by trust company as trustee in behalf of all holders of bonds secured by mortgage prohibited it from dealing in any contrary capacity to mortgage or avails traceable thereto.

3. MORTGAGES—TRUSTS—PREFERENCE—RECEIVERS.

Where trustee in behalf of all holders of bonds secured by mortgage was afterward, by agreement with mortgagor, placed in possession of mortgaged premises with right to collect rents and income and given sole discretion as to order in which claims should be paid, it could not apply said income in payment of bond owned by itself through its subsidiary, under said agreement, and thus accord itself preference.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 20, 1932. (Docket No. 170, Calendar No. 36,837.) Decided January 3, 1933.

Receivership proceedings by Rudolph E. Reichert, state banking commissioner, against Guaranty Trust Company of Detroit. On petition of Union Guardian Trust Company, successor-trustee, to compel Detroit Trust Company, receiver of Guaranty Trust Company of Detroit, to pay fund alleged to have been held by defendant as predecessor-trustee. Petition denied. Petitioner appeals. Reversed.

*Monaghan, Crowley, Reilley & Kellogg (Harold R. Martin, of counsel), for petitioner.*

*A. W. Sempliner (Jason L. Honigman, of counsel), for receiver.*

WIEST, J. March 1, 1926, a mortgage was executed by owners of certain premises to the Guaranty Trust Company of Detroit, as trustee, to secure an issue of bonds. The mortgage contained ''an assignment of rents'' and profits to the trustee in case of default as permitted by Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499). March 6, 1930, the mortgage being in default, the then owners of the equity entered into an agreement with the Guaranty

Trust Company, not designating it trustee, whereby they transferred possession of the mortgaged premises. to the trust company, with right to collect the rents and income, and out of the proceeds it was authorized, but not limited or enjoined to do so, to pay taxes, assessments, water rates, make repairs, and keep the premises in condition. The agreement recited the fact that the mortgage was in default, and it is clear that such was the reason for the agreement. For such services the trust company was to receive five per cent. of the gross income, and the net proceeds were to be distributed as follows:

"(a) In payment of compensation and charges of the second party as hereinbefore set forth.

"(b) In payment of all expenses in connection with the maintenance of said building; any moneys now due and payable, or which may hereafter become due and payable during the life of this agreement, on any of the bonds secured by the said first mortgage hereinbefore referred to, or due and payable by first parties on account of any of the terms and conditions of said trust mortgage, including any taxes or special assessments levied against the premises described in said trust mortgage; *the order in which the foregoing payments shall be made and the manner and time of making the same to be within the sole and uncontrolled discretion and judgment of the second party.* (Italics ours.)

"(c) All of the net proceeds over and above the amounts necessary to make the payments provided for in sections (a) and (b) above, shall be retained by the second party in a sinking fund to be used to pay any sums of money which may accrue from time to time under said bonds and/or mortgage and/or this agreement.

"It is further distinctly understood and agreed that the agency hereby created is and shall continue

irrevocable by said first parties without the express written consent of said second party so long as there shall be any moneys due and payable on account of any of the terms, conditions, or agreements contained in the trust mortgage hereinbefore described and/or the bonds secured thereby."

June 19, 1931, the owners of the equity, by quitclaim deed, conveyed the premises to the G. T. Agency, a subsidiary of the Guaranty Trust Company. The Guaranty Trust Company continued in possession of the premises until July 1, 1930, when it was placed under the receivership of the Detroit Trust Company, and that company has, as receiver, $3,000 from rents and income of the mortgaged property. The Detroit Trust Company, as permanent receiver, was authorized to act also in the capacity of successor-trustee under the mentioned mortgage. The Detroit Trust Company continued in the capacity of successor-trustee until December 28, 1931, when it filed its resignation and the Union Guardian Trust Company of Detroit was appointed successor-trustee, and accepted and has continued to act as such, and, on February 19, 1932, filed a bill for foreclosure of the mentioned mortgage. April 28, 1932, in the foreclosure proceeding, Paul A. Fisher was appointed receiver of the mortgaged premises and entered into possession and collection of the rents and revenues. The Union Guardian Trust Company, as successor-trustee, petitioned the court, on May 26, 1932, to order the Detroit Trust Company to turn over to it, as successor-trustee, the $3,000 in its hands derived from the rents and income of the mortgaged premises. The Detroit Trust Company, as receiver of the Guaranty Trust Company, by answer, admitted that it had $3,000; asserted that at the time it was appointed receiver of the Guaran-

ty Trust Company that company was in possession of the premises by virtue of the mentioned agreement and by virtue of its agency for the G. T. Agency; admitted that it came into possession of the premises subject to the same rights and powers as the Guaranty Trust Company, and had collected the rentals and income from the premises; and had $3,000 in its hands. The Detroit Trust Company also claimed that Fisher was appointed receiver without putting into effect the assignment of rents clause under Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), and that the assignment of rents covenant has never been put into effect by petitioner or its predecessor-trustee. The Detroit Trust Company also set up that it had in its possession at the time of receivership $5,000 in principal amount of bonds of the unpaid "senior series" of the mortgage which matured and became due and payable on March 1, 1930, and came into possession of said $5,000 of bonds as part of the assets of the Guaranty Trust Company, and also came into possession of all of the stock of the G. T. Agency, as part of the assets of the Guaranty Trust Company, and takes the position that it is entitled to retain the money under the mentioned agreement and because the provisions of the act of 1925 were not invoked. It claims the right, under the discretion vested by the agreement, to apply the $3,000 upon the $5,000 bond. The court denied the petition.

The circuit judge thought the provision in the assignment of rents and income, giving the trust company uncontrolled discretion to apply the proceeds as it saw fit, was unfair, but felt that the point of law was ruled by *Detroit Properties Corp.* v. *Detroit Hotel Co.*, 258 Mich. 156. It was there held that where the trustee is entitled to rents upon de-

fault and so elects, under the provisions of the mortgage and the act of 1925, notice of the default must be filed in the office of the register of deeds and service be made upon the occupiers of the mortgaged premises. That decision merely followed the statute, and the statute is permissive and not exclusive and not an incident merely to foreclosure. The mortgagor may, without the statute, in case of default, by express agreement, place the mortgagee in possession with duty to preserve the property and collect the rents and income. That was done in this instance, and neither the statute nor the hotel company case has any bearing on the point here presented.

The effort to accord the trustee a preference by way of the agreement mentioned cannot be countenanced. The fiduciary relation assumed by the Guaranty Trust Company, as trustee, in behalf of all the holders of bonds, secured by the mortgage, prohibited it from dealing in any contra capacity with reference to the mortgage security or avails traceable thereto. The fact that the assignment of rents named the trustee in its corporate capacity rather than trustee, and the fact that the G. T. Agency, a mere hand of the trust company, later purchased the equity in the premises, amounts to mere by-play in the eye of the law, for the Guaranty Trust Company remained trustee and did not, because it could not, at the same time and in the same matter, become the separate agent of the mortgagor or its subsidiary the G. T. Agency. We hold the Guaranty Trust Company, trustee, to its plain duty as trustee in the premises and subsequent receivership in no way brought any change.

The principle here applied is too elementary to justify citation of authorities. The successor-

trustee under the mortgage is entitled to the fund in suit, and it is so ordered.  See *Fidelity Trust Co.* v. *Saginaw Hotels Co.*, 259 Mich. 254.  This decision renders it unnecessary to grant petitioner's motion to supplement the record.  Petitioner will recover costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.