## SINGER *v.* GOFF.

1. Receivers—Possession of Property—Strangers to Record.
   Ordinarily a receiver may not in a summary manner take property from the possession of strangers to the record who claim adverse right therein.

2. Same—Jurisdiction—Possession.
   Receiver appointed by trial court had jurisdiction to take possession of property from party named as defendant in suit for accounting, the fact that such defendant came into possession of the personalty prior to the appointment of the receiver being immaterial.

---

References for Points in Headnotes

[1] 45 Am Jur, Receivers § 203.
[1] Right of receiver to take property in summary manner or by summary proceedings from strangers to the record.    40 ALR 903, supplemented 43 ALR 1340.
[2] 45 Am Jur, Receivers § 204.
[3] 45 Am Jur, Receivers § 18.
[4, 5] 45 Am Jur. Receivers § 183.
[6] 12 Am Jur, Contracts § 241.
[7] 24 Am Jur, Gas and Oil § 113.
[8] 45 Am Jur, Receivers § 210.
[9] 14 Am Jur, Costs § 11.

3. SAME—APPOINTMENT—EQUITY.
   Equity courts have inherent power to appoint a receiver.

4. SAME—CONTINUANCE OF RECEIVERSHIP—DISCRETION OF COURT.
   It is a matter of discretion with the appointing court as to whether a receivership shall be continued or discontinued.

5. SAME—IMPLIED CONTINUANCE.
   Issuance of various orders to receiver after expiration of term for which receiver was originally appointed implied a continuance of the receivership.

6. CONTRACTS—CONSTRUCTION AS A WHOLE.
   Contracts must be construed as a whole and harmonious effect given, if possible, to each word and phrase.

7. SAME—OIL-WELL DRILLING AGREEMENT—APPORTIONMENT OF EXPENSES.
   Agreement relative to drilling oil well is construed as providing that holders of interests would not be obliged to pay more than they had originally contributed toward cost of drilling in the event the well proved to be a dry hole and driller would be liable for additional expenses but that in the event a commercially-producing well resulted costs were to be deducted from proceeds of sale of oil.

8. RECEIVERS—ACCOUNTING BY TRUSTEE UNDER OIL-WELL DRILLING AGREEMENT.
   A receiver occupies the same position as the person named as trustee under agreement as to sharing cost of drilling oil well and distribution of proceeds from sale of oil, where receiver was appointed incident to suit for accounting against trustee as defendant, hence latter must account to the receiver as to undistributed moneys on hand.

9. COSTS—ACCOUNTING—FAILURE OF EITHER SIDE TO PREVAIL IN FULL.
   No costs are allowed on appeal in suit for accounting, where neither side has prevailed in full.

Appeal from St. Joseph; Arch (Charles O.), J., presiding. Submitted April 17, 1952. (Docket No. 28, Calendar No. 44,800.) Decided June 27, 1952.

Bill by Daniel C. Singer and others against C. C. Goff, trustee, and individually and others for accounting, appointment of receiver and injunction.

Petition by receiver against C. C. Goff for money decree. Decree for receiver. Defendant Goff appeals. Affirmed in part, reversed in part.

*C. L. Stickler,* for receiver.

*Anderson & Anderson,* for defendant.

BUSHNELL, J. This is an appeal by defendant C. C. Goff, individually and as trustee, and his wife, from an order denying their motion to vacate a decree under which Goff was required to pay certain moneys into court.

Goff, the owner of an oil and gas lease in Bloomingdale township, Van Buren county, entered into trust agreements with plaintiff Daniel C. Singer and others. Singer's agreement, dated March 3, 1942, provides in part as follows:

"It is agreed by the first party [Goff] that he will drill a well for oil or gas on the above described lands to the traverse limestone or to the approximate depth of 1,300 feet and furnish all necessary drive pipe, casing necessary to drill said well.

"The second party [Singer] hereby agrees to pay the sum of $58 for the 1/48 of the 7/8 working interest in said lease and well.

"It is agreed by the first party as TRUSTEE that after the cost of labor, casing, drive pipe, tubing, rods, tanks and other necessary equipment has been fully paid for out of any proceeds derived from the sale of oil or gas by said TRUSTEE, that he will turn over to the second party 1/48 of the 7/8 of all remaining revenues received by him.  *  *  *

"It is agreed by C. C. Goff that he will retain for himself at least 3/8 of the 7/8 working interest.

"It is understood that the above moneys paid are in full for the drilling of well No 1 and in case of commercial production the costs of casing, tubing,

rods, pumps, tanks, and all other necessary equipment are to be paid for by the trustee out of the funds derived from the sale of oil; and after discontinuing operations the proceeds derived from the sale of equipment shall be paid to the different parties of this agreement as their interest appear."

On September 16, 1943, plaintiffs filed a bill of complaint in which they stated that Goff had drilled a producing well but had failed to account for the proceeds of the sale of oil therefrom. They sought an accounting, the appointment of a receiver, and an injunction restraining defendants from unlawfully using or disposing of funds or property.

On March 3, 1944, Singer was appointed receiver with "power to act in all things relating to such receiver(ship) not exceeding 1 year." Singer later filed a bill of particulars in which he stated that Goff, contrary to the "trust articles," had wrongfully charged plaintiffs $1,296.63 for his cost of drilling the well, and that he also had on hand $929.23, for which he had not accounted.

The sale of the leasehold interest and personal property by Singer for $2,375 was confirmed and the residue ordered distributed. Singer later filed a petition asking for a money decree against Goff, and on November 4, 1949, Goff was ordered to pay into court the $1,296.63 and $929.23 items, totaling $2,225.86.

On appeal, Goff argues that the court was without jurisdiction to require him to pay funds over to the county clerk in the absence of a hearing on the merits, and he denies that Singer proved the claimed indebtedness.

Ordinarily a receiver may not in a summary manner take property from the possession of strangers to the record who claim adverse rights therein. *Reed v. Baker*, 42 Mich 272, 40 ALR 903, 43 ALR

1340. Goff, however, is not a stranger to the receivership proceedings. He is named therein as a defendant both as trustee and individually. The fact that he came into possession of the money and personal property prior to the appointment of Singer is immaterial. *Fidelity Trust Co.* v. *Saginaw Hotels Co.,* 259 Mich 254.

Singer's appointment, limited by the terms of the order to 1 year from March 3, 1944, was never extended. Goff, therefore, claims that Singer lacked authority to file the 1949 petition. Equity courts have inherent power to appoint a receiver, *Michigan Minerals, Inc.,* v. *Williams,* 306 Mich 515, 525, and it is a matter of discretion whether a receivership shall be continued or discontinued. *First National Bank of Detroit* v. *E. T. Barnum Wire & Iron Works,* 60 Mich 487, 499. The record in the instant case shows that, after the expiration of the 1-year period, the court issued various orders which necessarily imply a continuance of the Singer receivership.

The principal question concerns the item of $1,-296.63, which Goff deducted from the proceeds of the sale of oil and used to reimburse himself for expenses incurred in bringing in a producing well. Plaintiffs argue that the moneys paid by them were to cover the entire cost of development.

Under the trust agreement, Goff was required to drill a well and furnish all necessary drivepipe, casing, et cetera. He agreed to retain for himself at least a 3/8 of the 7/8 working interest in the lease. Moneys paid him by others were to be in full payment for their share of the cost of drilling. Net proceeds from the sale of oil were to be distributed. Necessary equipment was to be paid for by Goff out of funds derived from the sale of oil; and after the discontinuance of the operation the proceeds result-

ing from the sale of equipment were to be paid proportionately to the interested parties.

Plaintiffs' construction of the agreement is in conflict with the cardinal principle which requires us to construe this contract as a whole and give harmonious effect, if possible, to each word and phrase. *Duval* v. *Aetna Casualty & Surety Co.*, 304 Mich 397, 401. The trust agreement clearly provides that the expenses as listed therein, which would be incurred primarily in the drilling of the well, were to be deducted from the proceeds of the sale of oil. The agreement, fairly construed, can have but one meaning, namely, that if the well proved to be a dry hole, others holding interests in the leasehold would not be obliged to pay more than they originally contributed, and that Goff would be responsible for any additional expenses. Other methods of apportioning costs and distributing proceeds were provided in the event the well proved to be commercially successful. We do not agree with plaintiffs or with the trial court that Goff should be required to pay $1,296.63 into court for distribution to the interested parties.

Goff, however, admitted that he had on hand undistributed funds amounting to $929.23. The trial judge correctly determined that this amount should be paid into court. Goff argues that if any money is due, it should be paid to the owners of the respective interests rather than to the receiver. He insists that there are several interested holders who are not parties to the receivership action. Singer, as receiver, however, represents all interested parties who have already or may establish any rights in the matter, and, therefore, he stands in the position formerly occupied by Goff. *First National Bank of Detroit* v. *E. T. Barnum Wire & Iron Works, supra,* 499, and *Klingensmith* v. *James B. Clow & Sons,* 270 Mich 460.

The decree of the trial court is vacated as to the $1,296.63 item, and affirmed as to the $929.23 item. A modified decree may be entered here. Neither party having prevailed in full, no costs will be allowed.

DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.

NORTH, C. J., did not participate in this decision.